## Ex Parte O. R. Albertson.

### No. 5373. Decided October 29, 1919.

**Habeas Corpus—Former Appeal—Practice on Appeal—Indictment.**

Where relator applied to the District Court for a writ of habeas corpus to obtain his discharge, because this court on appeal from a conviction of swindling ordered the prosecution against defendant dismissed, but the record showed that when the mandate reached the trial court said court ordered relator to be held to await the action of the grand jury to file a new indictment, and the grand jury thereupon returned a new indictment under which relator is now held, his appeal for writ of habeas corpus is dismissed.

Appeal from the Criminal District Court Number 2 of Dallas. Tried below before the Hon. C. A. Pippen.

Appeal from a habeas corpus proceeding remanding relator to custody.

The opinion states the case.

*Will S. Payne,* for relator.

*E. A. Berry,* Assistant Attorney General, for the State

DAVIDSON, Presiding Judge.—Relator applied for a writ of *habeas corpus* to obtain his discharge. Upon the trial he was remanded to await the action of the grand jury.

Briefly the case is, relator was convicted of swindling and prosecuted his appeal. This court, during its last term, reversed the judgment and ordered the prosecution dismissed. When the mandate reached the trial court he sought his discharge under a writ of *habeas corpus.* Upon the showing it seems the trial court ordered him held to await the action of the grand jury to file a new indictment. This action of the court was authorized by statute. From a refusal of the court to discharge, relator prosecuted this appeal. Shortly after the refusal to discharge the relator the grand jury returned another indictment, and he is now being held under that indictment as shown by the certificate of the clerk. The writ of *habeas corpus* was applied for it seems on the 13th of March last, and on the hearing the court refused to discharge and held him in the sum of a $750 bond. On the 5th of the following April he was re-indicted in the same case of swindling, and that case is now pending for trial in the proper court, and under that relator has given bond in the sum of $750, and is now out on bail. The case, under the certificate of the clerk, is shown to be set down for trial on the 29th of October of the present month. Under this showing this appeal will be dismissed. He is not held under this process but under an indictment now pending against him.

The appeal is dismissed.

*Dismissed.*